# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JANET TRAINOR,

        Plaintiff,

v.                                                Case No. 6:13-cv-1751-Orl-37GJK

PNC BANK, NATIONAL
ASSOCIATION; and KIRBY
BROTHERS CONSTRUCTION, INC.,

        Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiff Janet Trainor's Motion to Remand Due to Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law (Doc. 26), filed February 24, 2014;

2. Defendant PNC Bank, National Association's Response in Opposition to Plaintiff's Motion to Remand (Doc. 27), filed March 10, 2014.

Plaintiff initially filed this personal injury action in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, against Defendant PNC Bank, National Association. (Doc. 1.) PNC removed the action to this Court on November 8, 2013. (*Id.*) Before the deadline for amendment of pleadings passed, and with PNC's consent pursuant to Local Rule 3.01(g), Plaintiff filed a Second Amended Complaint adding negligence and negligent failure to warn claims against a new Defendant—Kirby Brothers Construction, Inc., which is a Florida corporation. (Doc. 18.) Plaintiff alleges that Kirby was performing construction on PNC's property, and Plaintiff was injured

when she fell into a pothole on that property. (*Id.*) On February 24, 2014, Plaintiff filed a motion to remand the action to state court because the addition of Kirby destroys the grounds for this Court's exercise of diversity jurisdiction. (Doc. 26.) PNC responded in opposition (Doc. 27), and the motion is now ripe for adjudication.

In her motion to remand, Plaintiff notes that she added Kirby as a Defendant in her Second Amended Complaint based on Defendant's assertion in its Answer that Kirby's acts or omissions were the direct and proximate cause of Plaintiff's losses. (Doc. 26, p. 2 (citing Doc. 20, ¶ 41).) Because Kirby is a Florida resident, diversity jurisdiction is destroyed, and remand is required under 28 U.S.C. § 1447(c). (*Id.* at 3.) In its opposition to the motion to remand, PNC does not dispute that Kirby is a Florida resident or that Kirby is the party responsible for Plaintiff's losses. (*See* Doc. 27.) Instead, Defendant opposes Plaintiff's motion on the ground that "Plaintiff added [Kirby] prior to engaging in any discovery," which "strongly supports a finding that Plaintiff's sole motivation was destroying diversity jurisdiction." (Doc. 27, p. 4.) The Defendant's opposition to remand is meritless.

Under 28 U.S.C. § 1332, district courts of the United States "have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, if an additional defendant is joined after removal, and that joinder destroys diversity jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the state court." *Id.* § 1447(e).

The party opposing remand has the "heavy" burden to prove that "at the time of

removal there was no possibility Plaintiffs could have established a cause of action against [the joined defendant] in state court." *SFM Holdings, Ltd. v. Fisher*, 465 F. App'x 820, 821 (11th Cir. 2012) (reversing district court's finding of fraudulent joinder). "[A]ll that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Id.* (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011)); *e.g.*, *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (holding that "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent").

Here, there is no dispute that there is at least a "possibility" that Kirby may be liable to Plaintiff under Florida law—PNC alleged as much in its Answer. (Doc. 20.) That PNC would now seek to assert that somehow Plaintiff's addition of Kirby is a "fraudulent joinder" by Plaintiff "after engaging in absolutely no discovery" while at the same time asserting Kirby's liability in their affirmative defenses is the type of "Three Card Monte" practice that the Court will not countenance. Further, before Plaintiff filed her motion to remand, PNC offered no objection to the joinder of Kirby as a party. (Doc. 13.) Accordingly, because Defendant has not met its heavy burden (or even a light one for that matter) to establish that there was no possibility that Plaintiff may recover from Kirby, the motion to remand is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Janet Trainor's Motion to Remand Due to Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law (Doc. 26) is **GRANTED**.

2. The Clerk **IS DIRECTED** to remand this case to the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, to terminate all

pending motions, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Clerk of Court for the Circuit Court of the
Seventh Judicial Circuit, in and for Volusia County, Florida